LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: 702-454-4900
Fax: 702-938-1055
Email: bob@spretnak.com

GARCIA-MENOCAL & PEREZ P.L.
Anthony J. Perez, Esq. (pro hac vice pending)
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: 305-553-3464
Fax: 305-553-3031
Email: ajperez@lawgmp.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MEGGS,<br><br>   Plaintiff,<br><br>vs.<br><br>R & G HOLDINGS, LLC;<br>LE PRIVE HOSPITALITY LLC; and<br>SHINJUKU LLC,<br><br>   Defendants. | Case No.: 2:23-cv-1051<br><br>**COMPLAINT** |

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, R & G HOLDINGS, LLC; LE PRIVE HOSPITALITY LLC; and SHINJUKU LLC, (hereinafter "Defendants"), and as grounds alleges:

**JURISDICTION, PARTIES. AND VENUE**

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202,

1  and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C.
2  § 12181, *et seq*.

3      4.    Plaintiff, JOHN MEGGS ("Plaintiff," or "Mr. Meggs") is a California resident, an
4  individual over eighteen years of age, and is otherwise *sui juris*.

5      5.    At all times material, Defendant, R & G HOLDINGS, LLC was and is a Limited
6  Liability Company, organized under the laws of the state of Nevada.

7      6.    At all times material, Defendant, R & G HOLDINGS, LLC, owned and operated a
8  commercial property location at 4300 Spring Mountain Road, Las Vegas, Nevada (hereinafter the
9  "Commercial Property").

10      7.    At all times material, Defendant, LE PRIVE HOSPITALITY LLC was and is a
11  Limited Liability Company, incorporated under the laws of the state of Nevada.

12      8.    At all times material, Defendant, LE PRIVE HOSPITALITY LLC, owned and
13  operated a retail restaurant at 4300 Spring Mountain Rd #101, Las Vegas, Nevada (hereinafter the
14  "Commercial Property"). Defendant, LE PRIVE HOSPITALITY LLC, holds itself out to the public
15  as "Hell's Chicken."

16      9.    At all times material, Defendant, SHINJUKU LLC was and is a Limited Liability
17  Company, incorporated under the laws of the state of Nevada.

18      10.    At all times material, Defendant, SHINJUKU LLC, owned and operated a retail
19  restaurant at 4300 Spring Mountain Rd #108, Las Vegas, Nevada (hereinafter the "Commercial
20  Property"). Defendant, SHINJUKU LLC, holds itself out to the public as "Shinjuku."

21      11.    Venue is properly located in the District of Nevada because Defendants' Commercial
22  Property is located in Las Vegas, Nevada, Defendants regularly conduct business within Las Vegas,
23  Nevada, and because a substantial part(s) of the events or omissions giving rise to these claims
24  occurred in Las Vegas, Nevada.

25  **FACTUAL ALLEGATIONS**

26      12.    Although over thirty (30) years have passed since the effective date of Title III of the
27  ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

28      13.    Congress provided commercial businesses one and a half years to implement the Act.

The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

14. The ADA prohibits discrimination on the basis of disability in 28 CFR § 36.201 and requires landlords and tenants to be liable for compliance.

15. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate and uses a manual wheelchair.

16. Defendant, R & G HOLDINGS, LLC, owns, operates and oversees the Commercial Property and its tenants, its general parking lot and parking spots specific to the business therein, to include the common areas and it owns, operates and oversees said Commercial Property located in Las Vegas, Nevada, that is the subject of this Action.

17. The subject Commercial Property is open to the public and is located in Las Vegas, Nevada. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or January 9, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

18. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Las Vegas, Nevada, visiting the area an average of once a month, in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint.

19. Plaintiff, Mr. Meggs frequently visits Las Vegas, Nevada to visit his two (2) daughters and to enjoy the variety of dining and entertainment offerings within the area. Mr. Meggs also visits with close friends and acquaintances who reside in the Las Vegas area.

20. The property at issue here is located near his daughters homes, the property is less than one and half (1½) miles from his of his daughters' homes and approximately two and a half (2½) miles from this other daughter's home, where Mr. Meggs spends significant amounts of time during his frequent visits to Las Vegas, Nevada.

21. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

22. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses therein. The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

23. Defendants, R & G HOLDINGS, LLC; LE PRIVE HOSPITALITY LLC; and SHINJUKU LLC, own and/or operate, places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property and the respective restaurant businesses located at 4300 Spring Mountain Road, Las Vegas, Nevada.

24. Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the restaurants and business therein, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property

and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

## COUNT I

### (As to R & G HOLDINGS, LLC)

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant, R & G HOLDINGS, LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq.*

27. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant businesses within the Commercial Property, include, but are not limited to, the following:

A. <u>Parking and Exterior Accessible Route</u>

    i. John Meggs was impeded from accessing Shopping Center where only 1 parking spaces are designated for disabled use, from a total of > 50 spaces, violating Sections 4.1.2 and 4.6.1 of the ADAAG and 2010 ADAS Table 208.2 which results in needing to use further inaccessible spaces on numerous occasions.

    ii. Accessible spaces lack compliant aisles, they are 0" (< 60" wide) impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

        iii.    Shopping Center has no van spaces where one is required preventing John Meggs and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

        iv.    John Meggs was unable to find signs posted at insufficient heights of N/A (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

    B.    <u>Entrance Access and Path of Travel</u>

        i.    Accessible routes at Shopping Center have cross slopes of approximately 5.3% (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

        ii.    Accessible routes at Shopping Center have cross slopes of approximately 3.4% (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

        iii.    Accessible routes at Shopping Center have cross slopes of approximately 5.1% (>2%) creating hazardous conditions for John Meggs in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

        iv.    Curb ramps at Shopping Center contain excessive slopes of 11% (>8.33 %) preventing John Meggs from safe unloading violating ADAAG and ADAS Section 406.

        v.    Doors in Shopping Center have inadequate maneuvering clearance of 4.1% preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

        vi.    Doors in Shopping Center have inadequate maneuvering clearance of 4% preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

        vii.    Doors in Shopping Center have inadequate maneuvering clearance of 3.6% preventing use by John Meggs violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

////

# COUNT II

## (As to R & G HOLDINGS, LLC and LE PRIVE HOSPITALITY LLC)

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

29. Defendants, R & G HOLDINGS, LLC and LE PRIVE HOSPITALITY LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

30. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

    A.    Access to Goods and Services

          i.    Counters are in excess of 36 inches, preventing John Meggs from using, in violation of Section 7.2 (1) of the ADAAG.

          ii.    Table knee and toe space is, high (27 inches minimum) and < 17 inches deep (17 inches minimum), preventing use by John Meggs.

    B.    Restrooms

          i.    Maneuvering space of 27 inches is inadequate, impeding John Meggs from entering or exiting the restroom per 2010 ADAS Sec. 404.

          ii.    John Meggs is unable to use mirror due to bottom-reflecting surface 49" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.

          iii.    John Meggs cannot safely transfer to water closet at Shopping Center due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

          iv.    Grab bars' inaccessible design do not comply with the ADAAG and 2010

ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

v. Mounted items < 12 inches above grab bar (12 inches minimum), prevent use by John Meggs, violating the ADAAG and 2010 ADAS.

### COUNT III

### (As to R & G HOLDINGS, LLC and SHINJUKU LLC)

31. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

32. Defendants, R & G HOLDINGS, LLC and SHINJUKU LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

33. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Restrooms

  i. Maneuvering space of 27 inches is inadequate, impeding John Meggs from entering or exiting the restroom per 2010 ADAS Sec. 404.

  ii. John Meggs is unable to reach Dispenser controls 52 inches AFF (48 inches AFF maximum), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

  iii. Grab bars Extends < 54" from rear wall do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

  iv. Mounted items are 2 inches above grab bar (12 inches minimum), prevent use by John Meggs, violating the ADAAG and 2010 ADAS.

  v. Toilet flush valve not mounted on wide side, denying access to John Meggs,

violating the ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

34. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiffs request for injunctive relief.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR § 36.302 et seq. Furthermore, the Defendants continue to

1  discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable
2  modifications in policies, practices or procedures, when such modifications are necessary to afford
3  all offered goods, services, facilities, privileges, advantages or accommodations to individuals with
4  disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with
5  a disability is excluded, denied services, segregated or otherwise treated differently than other
6  individuals because of the absence of auxiliary aids and services.

7  37. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a
8  clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all
9  those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to
10 recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205
11 and 28 CFR § 36.505.

12 38. While Defendant, R & G HOLDINGS LLC, as landlord and owner of the Commercial
13 Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants
14 and landlords can be held is jointly and severally liable for ADA violations.

15 39. A Defendant is required to remove the existing architectural barriers to the physically
16 disabled when such removal is readily achievable for their place of public similarly situated, will
17 continue to suffer such discrimination, injury and damage without the immediate relief provided by
18 the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires
19 an inspection of the Defendants' place of public accommodation in order to determine all of the areas
20 of non-compliance with the Americans with Disabilities Act.

21 40. Notice to Defendant is not required as a result of the Defendant's failure to cure the
22 violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and
23 gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or
24 waived by the Defendant.

25 41. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff
26 Injunctive Relief, including an order to alter the property where Defendants operate their businesses,
27 located within the Commercial Property located in Las Vegas, Nevada, the interiors, exterior areas,
28 and the common exterior areas of the Commercial Property and restaurant business to make those

facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  7 July 2023.

Respectfully submitted,

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
Robert P. Spretnak, Esq. (Bar No. 5135)

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

GARCIA-MENOCAL & PEREZ P.L.

By: Anthony J. Perez, Esq.
(pro hac vice pending)

350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134

Attorneys for Plaintiff